IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vicki Glenn, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 7073 |
| Daniels & Norelli, P.C., a New York professional corporation and Jefferson Capital Systems, LLC, a Georgia limited liability company, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Vicki Glenn, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants transact business here.

**PARTIES**

3.   Plaintiff, Vicki Glenn ("Glenn"), is a citizen of the State of California, from whom Defendants attempted to collect a delinquent consumer debt she owed for a Fingerhut account.  These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal

aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.  Defendant, Daniels & Norelli, P.C. ("Daniels"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Daniels was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.  Daniels operates a nationwide collection law firm and attempts to collect from thousands of consumers in virtually every state, including from hundreds of consumers in the State of Illinois. Accordingly, Daniels conducts business in Illinois.

6.  Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.  Defendant Jefferson is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through its sister or related corporation, Defendant Daniels.

8.  Defendant Jefferson is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois

Secretary of State, attached as Exhibit A. In fact, Defendant Jefferson conducts business in Illinois.

9. Defendant Jefferson is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Jefferson acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

10. Ms. Glenn is a disabled women, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Fingerhut account. At some point in time after that debt became delinquent, Defendant Jefferson bought Ms. Glenn's Fingerhut debt. When Defendant Jefferson began trying to collect this debt from her, by having Defendant Daniels send her an initial collection letter, dated March 17, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. A copy of this collection letter is attached as Exhibit C.

11. Accordingly, on April 12, 2010, one of Ms. Glenn's attorneys at LASPD informed Defendants, in writing, that Ms. Glenn was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. Glenn was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Nonetheless, despite being advised that Ms. Glenn was represented by counsel and refused to pay the debt, Defendants sent Ms. Glenn a collection letter, dated July 20, 2010, which demanded payment of the Fingerhut/Jefferson debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on October 14, 2010, Ms. Glenn's attorneys at LASPD had to again inform Defendants that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Glenn's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Glenn was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit D), that Ms. Glenn was represented by counsel, and had demanded a cessation of communications with Ms. Glenn. By directly sending Ms. Glenn a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Vicki Glenn, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Glenn, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Vicki Glenn, demands trial by jury.

                                                    Vicki Glenn,

                                                    By: /s/ David J. Philipps
                                                    One of Plaintiff's Attorneys

Dated: November 2, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com